# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

No. 22-1527

JONATHAN VALENTIN,

Plaintiff/Appellant,

V.

PHILADELPHIA COUNTY SHERIFF'S DEPARTMENT, ET AL.

Defendants/Appellees.

## BRIEF FOR APPELLEES
## PHILADELPHIA COUNTY SHERIFF'S DEPARTMENT, DEPUTY
## SHERIFF OFFICER DEREK MURPHY, & DEPUTY SHERIFF OFFICER
## AMADA RODRIGUEZ

Appeal from the March 16, 2022 Order Granting Defendants' Motion for
Summary Judgment, Issued by the United States District Court for the Eastern
District of Pennsylvania, the Honorable Gene Pratter, at No. 2:19-cv-01175-GEKP.

CITY OF PHILADELPHIA LAW DEPARTMENT
DIANA P. CORTES , CITY SOLICITOR
By: Zachary Strassburger, Esq.
Assistant City Solicitor, Appeals Unit
1515 Arch Street, 17th Floor
Philadelphia, PA 19102
Zachary.strassburger@phila.gov
*Attorney for Appellees*
*Philadelphia County Sheriff's Department, Deputy*
*Sheriff Officer Derek Murphy, and Deputy Sheriff*
*Officer Amada Rodriguez*

Date:  August 17, 2022

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................... ii

COUNTERSTATEMENT OF JURISDICTION ........................................................1

COUNTERSTATEMENT OF THE ISSUES PRESENTED ON APPEAL.............2

COUNTERSTATEMENT OF THE STANDARD OF REVIEW ...........................3

A.     Statement of the Facts.....................................................................4

B.     Procedural Statement of the Case..................................................7

SUMMARY OF ARGUMENT ................................................................................9

ARGUMENT ..........................................................................................................10

I.     Surviving Summary Judgment Requires Showing a Material and
       Genuine Factual Issue, Which Mr. Valentin Fails to Do. ............................11

II.    Mr. Valentin's First Amendment Retaliation Claims Fail Because He
       Has No Affirmative Evidence of Protected Activity or Retaliation.............12

III.   Mr. Valentin Submitted No Evidence Calling the Probable Cause for
       his Arrest into Question, so his False Arrest, Malicious Prosecution,
       and Due Process Claims Fail. ......................................................................13

       A.     False Arrest and Malicious Prosecution............................................15

       B.     Deprivation of Liberty (Due Process) Claim ....................................16

IV.    Mr. Valentin's Excessive Force Claim Fails Because he Submitted No
       Evidence Showing Excessive Force..............................................................17

V.     Mr. Valentin Waives Any Other Claims On Appeal.....................................21

# TABLE OF AUTHORITIES

Page(s)

Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ................................................................................................ 12

*Arnold Pontiac-GMC, Inc. v. General Motors Corp.*, 786 F.2d 564 (3d Cir. 1986)3, 18

*Baker v. McCollan*, 443 U.S. 137 (1979) ................................................ 17

*Beck v. Ohio*, 379 U.S. 89 (1964) .......................................................... 15

*Beers-Capitol v. Whetzel*, 256 F.3d 120 (3d Cir. 2001) ............................ 3

*Boyle v. Cnty. of Allegheny Pennsylvania*, 139 F.3d 386 (3d Cir.1998) ............... 12

*Brower v. Cnty. of Inyo*, 489 U.S. 593 (1989) ........................................ 18

*Donahue v. Gavin*, 380 F.3d 371 (3d Cir. 2002) ............................... 15, 16

*Dowling v. City of Phila.*, 855 F.2d 136 (3d Cir.1988) ............................ 15

*Dreary v. Three Un-named Police Officers*, 746 F.2d 185 (3d Cir. 1984)............. 14

*Estate of Smith v. Marasco*, 318 F.3d 497 (3d Cir.2003) ......................... 13

*Fields v. City of Pittsburgh*, 714 Fed.Appx. 137 (3d Cir. 2017) ............... 20

*Graham v. Connor*, 490 U.S. 386 (1989) ........................................ 19, 20

*Jackson v. Phelps*, 575 Fed.Appx. 79 (3d Cir. 2014) ............................ 18

*Kopec v. Tate*, 361 F.3d 772 (3d Cir. 2004) ........................................ 18

*Kossler v. Crisanti*, 564 F.3d 181 (3d Cir. 2009) ................................... 16

*L.R. v. School District of Phila.*, 2016 WL 4608133 (3d Cir. Sept. 6, 2016)......... 21

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239 (3d Cir. 2013).............................. 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ............. 10

*MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204 (3d Cir. 2005)........................ 3

*Mullenix v. Luna*, 136 S. Ct. 305 (U.S. 2015) ....................................................... 21

*Nguyen v. U. S. Catholic Conferences*, 719 F.2d 52 (3d Cir. 1983)...................... 17

*Oberwetter v. Hilliard*, 639 F.3d 545 (D.C. Cir. 2011).......................................... 20

*Orsatti v. New Jersey State Police*, 71 F.3d 480 (3d Cir. 1995)......................... 3, 15

*Pearson v. Callahan*, 555 U.S. 223 (2009)............................................................ 21

*R.A.V. v. St. Paul*, 505 U.S. 377 (1992) ................................................................ 13

*Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010) .................................................... 10

*Scott v. Harris*, 550 U.S. 372 (2007) .................................................................... 19

*Sharrar v. Felsing*, 128 F.3d 810 (3d Cir. 1997) ................................................... 15

*Sibron v. New York*, , 392 U.S. 40, 67 (1968)........................................................ 20

*Simmons v. City of Philadelphia*, 947 F.2d 1042 (3d Cir. 1991)........................... 11

*Spady v. Bethlehem Area School Dist.*, 800 F.3d 633 (3d Cir. 2015) ................... 21

*Taha v. County of Bucks*, 862 F.2d (3d Cir. 2017) ................................................ 13

*Taylor v. Barkes*, 135 S. Ct. 2042 (U.S. 2015) ..................................................... 21

*Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319 (3d Cir. 2016) ................................... 3, 18

*Wilson v. Russo*, 212 F.3d 781 (3d Cir. 2000) ................................................. 14, 15

Statutes

28 U.S.C. § 1291 ........................................................................................ 1

28 U.S.C. § 1331 ........................................................................................ 1

42 U.S.C. § 1983 .............................................................................. 1, 7, 8

Rules

Fed. R. Civ. P. 56(c) ............................................................................ 3, 11

**COUNTERSTATEMENT OF JURISDICTION**

A district court has jurisdiction under 28 U.S.C. § 1331 to hear a claim arising under 42 U.S.C. § 1983.  This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

# COUNTERSTATEMENT OF THE ISSUES PRESENTED ON APPEAL

1.     Did the District Court properly find that there is no genuine issue of material fact regarding Mr. Valentin's First Amendment retaliation claims, where Mr. Valentin failed to demonstrate either that he engaged in activities protected by the First Amendment or that he suffered retaliation for protected activities?

*Answered below: Yes.*          *Suggested Answer: Yes.*

2.     Did the District Court properly find that there is no genuine issue of material fact related to the probable cause for Mr. Valentin's arrest due to the video's provision of clear and uncontroverted evidence, thus causing Mr. Valentin's wrongful arrest, malicious prosecution, and due process claims all to fail?

*Answered below: Yes.*          *Suggested Answer: Yes.*

3.     Did the District Court properly find that there is no genuine issue of material fact regarding Mr. Valentin's excessive force claim, where there was no record evidence showing excessive force?

*Answered below: Yes.*          *Suggested Answer: Yes.*

# COUNTERSTATEMENT OF THE STANDARD OF REVIEW

This Court's standard of review of a district court's grant of a motion for summary judgment is *de novo*. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 130 n.6 (3d Cir. 2001). In conducting its review, all reasonable inferences from the record must be drawn in favor of the nonmoving party, and the Court may not weigh the evidence or assess credibility. *MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204, 209 (3d Cir. 2005).

A court should find summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is warranted unless there is a genuine factual dispute that affects the outcome of the case. *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995). Although a court must make all inferences in favor of the non-moving party, it cannot simply ignore uncontroverted record evidence going against that party. *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 332 n.9 (3d Cir. 2016), *cert. denied,* 137 S.Ct. 82 (2016); *Arnold Pontiac-GMC, Inc. v. General Motors Corp.,* 786 F.2d 564, 581 (3d Cir. 1986). The non-moving party cannot rest on the pleadings, but "must point to concrete evidence in the record that supports each and every essential element of his case." *Orsatti*, 71 F.3d at 484.

COUNTERSTATEMENT OF THE CASE AND OF THE FACTS

Jonathan Valentin claims two Philadelphia County Sheriff's Office deputies violated his civil rights by using excessive force while arresting him in the lobby of the Philadelphia County Family Court. Mr. Valentin challenges the District Court's March 16, 2022 Order granting the Philadelphia County Sheriff Department, Deputy Sheriff Officer (DSO) Derek Murphy, and DSO Amanda Rodriguez's (the City Defendants) Motion for Summary Judgment, which found there was probable cause for his arrest and no excessive force.

**A. Statement of the Facts**

On March 19, 2017, DSO Murphy and DSO Rodriguez were working as building security at the Family Court building in Philadelphia when Mr. Valentin came in twenty minutes late for a visit with his child. *See* 3d Am. Compl. ¶¶ 1-3, 8; Philadelphia Police Department Investigative Report and Declaration of DSO Derrick Murphy, attached as Exhibits A and B to City Defendants' MSJ (Docs. 31-2, 31-3). Court staff did not allow Mr. Valentin to enter the visit late, and Mr. Valentin began yelling at them. *See* 3d. Am. Compl. ¶¶ 9-10; Police Incident Report, attached to 2d Am. Compl. as Ex. B (Doc. 33-B). Mr. Valentin claims that DSO Murphy became "violent and unprofessional," making fun of Mr. Valentin in front of Mr. Valentin's son and his son's mother. 3d. Am. Compl. ¶ 12.

Mr. Valentin's Complaint provides no further details about his demeanor during the event, and only says that DSO Murphy attacked him when Mr. Valentin

asked for his badge number. 3d Am. Compl. ¶ 4. Mr. Valentin states that he "was grabbed by his neck . . ., placed in a choke hold and thrown in to a wall and then onto the floor all while carrying a book bag in one hand." *Id.* at ¶ 24. Mr. Valentin admits that he was arrested for assaulting a police officer. *Id.* at ¶ 15.

 Mr. Valentin does not admit to assaulting DSO Murphy, but the City Defendants provided extensive evidence of Mr. Valentin's aggressive behavior, none of which Mr. Valentin contradicted. The City Defendants submitted a Philadelphia Police Department Investigative Report, an investigative report, a handwritten incident report, and arrest memo, and declarations from both DSO Derrick Murphy and DSO Amada Rodriguez, which included details such as Mr. Valentin yelling at the front desk staff, calling DSO Murphy a "f***ing n***er" multiple times, and Mr. Valentin pushing his cell phone into DSO Murphy's chest. *See* Philadelphia Police Department Investigative Report, Declaration of DSO Derrick Murphy, and Declaration of DSO Amada Rodriguez, attached as Exhibits A, B, and C to City Defendants' MSJ (Docs. 31-2, 31-3, 31-4). Mr. Valentin does not deny any of those except to say that he made "[i]ntentional efforts to maintain a respectful distance" from DSO Murphy. Doc. 33 p. 22.

City Defendants also submitted security camera footage of the incident by mailing copies to both Mr. Valentin and the District Court, which both Mr. Valentin and the District Court referenced repeatedly in their filings. *See, e.g.,*

Doc. 56 at pp. 4, 8, 13, and 14; Doc. 57 at pp. 3 n.3. Mr. Valentin also submitted as evidence his Family Court visitation order (Doc. 20-A), an illegible property receipt from the Philadelphia Police Department (Doc. 20-B), and emergency room records; the emergency room records only state that Mr. Valentin claims to have been "shaken." Doc. 20-C. He also submitted a copy of a complaint he filed against the Philadelphia Police Department (Doc. 20-D), a scheduling notice for a Social Security disability hearing in 2015, prior to this event (Doc. 20-E) and a Social Security denial (Doc. 36-G). Notably, he submitted more evidence supporting his disability claim in 2019, after this event, but he was again denied. *See id.* In later filings, Mr. Valentin also included more medical records showing medical visits March 21, March 31, May 12, and June 12, 2017, but there is nothing to suggest the ailments for which he was seen were newly caused by this event. *See* Doc. 36-F.

Mr. Valentin also submitted past-due utility bills, blank copies of sample interrogatories, and proof of his income. *See* Docs. 36-H, I, J, K, L, M, N, O. Mr. Valentin also submitted as evidence copies of blank interrogatory forms he sent to the City Defendants and to his child's mother (Docs. 36-H, 36-I), past-due utility bills and forms (Docs. 36-J, 36-K, 36-L, 36-M), and proof of income and mortgage (36-N, 36-O). Mr. Valentin submitted no witness affidavits, despite the presence of the mother of his child at the scene as well as two family court clerks. 3d Am.

Compl. ¶¶ 10-12.

**B. Procedural Statement of the Case**

Mr. Valentin began this suit in March 2019, but he filed eight different complaints over the course of the District Court proceedings (Docs. 2, 5, 6, 9, 14, 20, 30, 33, 41, and 54). Instead, in a December 2021 Order (Doc. 55), the District Court deemed the operative complaint to be the Third Amended Complaint from October 2019 (Doc. 20) and Mr. Valentin's filed documents (Docs. 33, 41, 54, 56) to be responses to the City Defendants' Motion for Summary Judgment, filed May 2021 (Doc. 31). The Third Amended Complaint alleged a variety of state and constitutional harms, including (1) criminal claims for reckless endangerment, simple and aggravated assault, false imprisonment, and document fraud, as well as constitutional and Section 1983 claims for (2) wrongful arrest, excessive use of force, and retaliatory/malicious prosecution in violation of the Fourth Amendment, (3) deprivation of liberty in violation of the Fifth Amendment, and (4) violation of his First Amendment rights to freedom of speech, right to peaceably assemble, and to petition the government for a redress of his grievances. Doc. 20 ¶ 27.

The City Defendants' Motion for Summary Judgment claimed that Mr. Valentin conducted no discovery and would therefore be unable to produce any affirmative evidence on any of his claims, whereas the City Defendants had both affidavits and video evidence of the events. Further, as a matter of law the City Defendants argued that some of Mr. Valentin's legal claims did not apply to the case at hand, such as a Fifth Amendment claim when there were no federal actors in the case.

The District Court granted the Motion for Summary Judgment on March 16, 2022 (Doc. 57). The District Court found that Mr. Valentin failed to demonstrate any genuine issues of material fact with regard to his First, Fourth, Fifth, or Fourteenth Amendment claims or his state law claims. *Id.* The District Court further found for the Philadelphia County Sheriff's Office on the §1983 claims because Mr. Valentin proved neither a constitutional violation nor any proof that the office itself cause a constitutional violation. The District Court additionally found no liability for DSO Rodriguez, who was not personally involved in the incident. *Id.*

Mr. Valentin appealed to this Court on March 21, 2022 (Doc. 59).

# SUMMARY OF ARGUMENT

Mr. Valentin has waived all of his claims on appeal through his failure to properly brief them, failing to cite any cases supporting his perspective or identify any legal errors in the district court's reasoning.

Even if Mr. Valentin had not waived his arguments, the district court properly granted the City Defendants' Motion for Summary Judgment because there was no genuine issue of material fact regarding any of Mr. Valentine's claims. Mr. Valentin failed to demonstrate any First-Amended protected activity or that he suffered retaliation for such activity. The court relied on the video of the incident, which established probable cause for Mr. Valentin's arrest for assaulting an officer, and therefore, the district court properly granted judgment on Mr. Valentin's wrongful arrest, malicious prosecution, and due process claims.

Mr. Valentin next claimed DSO Derek Murphy and DSO Amada Rodriguez used excessive force when arresting him, but the District Court properly found that he submitted no evidence showing excessive force and his statements in the complaint were contradicted by clear video evidence. The District Court properly found that Mr. Valentin failed to show any municipal liability due to the underlying lack of constitutional violation, but also the lack of any policy of procedure supporting maltreatment of the kind Mr. Valentin claims. Additionally, the District Court properly found DSO Rodriguez had no personal involvement in the interaction. In sum, all of Mr. Valentin's claims fail due to a lack of evidence at the motion for summary judgment stage.

**ARGUMENT**

The District Court properly entered summary judgment for the City Defendants because Mr. Valentin failed to meet his burden to produce affirmative evidence to support his claims of constitutional or statutory harm, including excessive force, First Amendment retaliation, due process violations, and Pennsylvania criminal violation. Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The court did not weigh the evidence or attempt to determine the truth of the matter, but merely looked to see if there was enough evidence for a jury to rule for Mr. Valentin. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010). Because Mr. Valentin produced no evidence supporting his claims, record evidence both contradicted his allegations, and uncontroverted record evidence showed probable cause for the arrest, the District Court appropriately found that no jury could rule for Mr. Valentin and entered summary judgment for the City Defendants.

Now, in his appellate brief, Mr. Valentin does not explain why the District Court misapplied the law in entering summary judgment. Indeed, the City argues that Mr. Valentin waives his appellate rights by failing to use his brief to make legal arguments, not identifying any legal errors or citing any cases. The Court's

10

rules regarding waiver apply to pro se and represented parties alike. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1065-66 (3d Cir. 1991).

I.   **Surviving Summary Judgment Requires Showing a Material and Genuine Factual Issue, Which Mr. Valentin Fails to Do.**

Summary judgment requires no genuine material disputed facts. Fed. R. Civ. P. 56(c). As the non-moving party, Mr. Valentin needed to demonstrate a relevant disputed issue to disrupt summary judgment, but the only issue he disputed—the probable cause for the arrest--was disproven by clear video evidence. This is a story of a man who enters a court house, becomes angry when he is refused entry beyond the lobby, and is removed from the building. The District Court found, for claim after claim, that Mr. Valentin failed to show any disputes of material fact. *See* Doc. 57 pp. 4, 7-9, 14.

The non-moving party in this case, Mr. Valentin, could have survived summary judgment if he had presented enough evidence through affidavits or depositions to fulfill every element essential to his claim.  He did not. City Defendants submitted the officer interview record, the arrest summary, the officer affidavits, and multiple videos of the event, all telling the same story. Mr. Valentin submitted nothing until after the City Defendants filed the Motion for Summary Judgment, and then what he did file (e.g., Social Security denials, utility bills,

medical records showing treatment not necessarily related to this claim) was barely relevant to this matter.

Mr. Valentin cannot simply argue that the judge is wrong or that the police lie, as he attempts to do in his appellate brief. Appellant Br. pp. 16-17. As the non-moving party he needed to present more than a "mere scintilla" of evidence on which a jury could reasonably find in his favor. *Boyle v. Cnty. of Allegheny Pennsylvania,* 139 F.3d 386, 393 (3d Cir.1998) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Accordingly, Mr. Valentin's claims fail as a matter of law due to a lack of any genuine issues of material fact.

## II. Mr. Valentin's First Amendment Retaliation Claims Fail Because He Has No Affirmative Evidence of Protected Activity or Retaliation.

Mr. Valentin claims a violation of his First Amendment rights, but his Complaint failed to establish how the officers violated those rights. There is no point in the entire Complaint in which Mr. Valentin explains for what speech he was allegedly punished. *See generally* Doc. 20. Only in his appellate brief does Mr. Valentin claim for the first time that DSO Murphy allegedly retaliated against him for asking for DSO Murphy's badge number and for attempting to "gather[] information concerning Family Court [v]isiting hours and penalties for future lateness or absences." *See* Appellant Br. p. 18. Mr. Valentin not only waives this

claim for failure to raise it below,[1] but he fails to show that the speech is protected or that he suffered retaliation for it.

To establish a First Amendment retaliation claim, Mr. Valentin must show: "(1) that he engaged in protected activity; (2) that the government responded with retaliation; and (3) that the protected activity was the cause of the retaliation." *Estate of Smith v. Marasco*, 318 F.3d 497, 512 (3d Cir.2003). Mr. Valentin claims he was retaliated against in violation of his rights under the First Amendment. He has not produced evidence of a protected activity. Obscenities are unprotected, of course. *R.A.V. v. St. Paul,* 505 U.S. 377, 382–90 (1992). Moreover, it is not apparent from the video what exactly Mr. Valentin was saying, but it is clear that he was not arrested until he was far from asking the clerks about hours and lateness penalties; he was arrested for physically assaulting an officer. Therefore, his First Amendment retaliation claim fails.

### III. Mr. Valentin Submitted No Evidence Calling the Probable Cause for his Arrest into Question, so his False Arrest, Malicious Prosecution, and Due Process Claims Fail.

Mr. Valentin claims that he was wrongfully arrested and that he should not have been prosecuted for his actions. These claims fail, as there was clear probable cause to arrest Mr. Valentin for assaulting an officer and there was no prosecution

---

[1] *Taha v. County of Bucks*, 862 F.2d 292 (3d Cir. 2017).

at all. Mr. Valentin submitted no affirmative evidence to support these claims, and the City Defendants' evidence does not present a genuine issue of material fact for a jury.

First, probable cause existed for Mr. Valentin's arrest. Probable cause means that there is a "fair probability" that the person committed the crime at issue. *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000). Probable cause can be determined at the summary judgment stage when there are no genuine issues of material fact and no credibility issues. *See Dreary v. Three Un-named Police Officers*, 746 F.2d 185, 192 (3d Cir. 1984).

The evidence in this case is mostly uncontested. Here, as the District Court noted, the evidence of Mr. Valentin assaulting DSO Murphy was so clear on the video that no jury could find a lack of probable cause. *See* Video, Lobby Desk at 2:57:39 PM; Doc. 57 p. 8. The District Court noted that it could not credit the parts of Mr. Valentin's complaint claiming the arrest was unjustified when the court had access to video showing Mr. Valentin's cell phone making contact with DSO Murphy's chest. *Id.* Further, DSO Murphy submitted an affidavit explaining that he arrested Mr. Valentin due to Mr. Valentin hitting him with the cell phone. Doc. 31-2, at 1; Doc. 31-5 ¶¶25-36. Mr. Valentin claims only in his appellate brief that "[t]he actions described in the affidavits and arrest incident report are [i]naccurate," not raising the issue below and not explaining which parts are or are

14

not accurate. Appellant Br. p. 17 ¶¶22-23. Therefore no credibility issue exists and DSO Murphy had probable cause to arrest Mr. Valentin for assaulting an officer.

### A.    False Arrest and Malicious Prosecution

Both the Fourth Amendment wrongful arrest and malicious prosecution claims fail because probable cause existed for Mr. Valentin's arrest. False arrest requires that someone have been arrested without probable cause. *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir.1988). Malicious prosecution requires that a prosecution have been instituted without probable cause, the criminal proceeding ended in the plaintiff's favor, and the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. *Donahue v. Gavin*, 380 F.3d 371, 379 (3d Cir. 2002).

Here the District Court appropriately found that there was probable cause to arrest Mr. Valentin for assaulting an officer. *See* Dist. Ct. Op. pp. 7-8 (Doc. 57). The relevant facts are those "within [the officer's] knowledge and of which [he or she] had reasonably trustworthy information," such that a "reasonably prudent [officer would] believ[e] [the plaintiff] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); accord *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000); *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482-83 (3d Cir. 1995).  Here, DSO Murphy attested that Mr. Valentin shoved his cell phone into him, which Mr.

Valentin does not deny, so it would be highly reasonable for DSO Murphy to believe Mr. Valentin had committed the crime of assaulting an officer. *See Kossler v. Crisanti*, 564 F.3d 181, 195 (3d Cir. 2009) (stating that an officer's experience of assault provides probable cause for an arrest for the same), *abrogated on other grounds by Thompson v. Clark*, 142 S.Ct. 1332 (2022). Additionally, even if the affidavit had not been uncontroverted, the video evidence shows Mr. Valentin using his cell phone to push into DSO Murphy's chest. *See* Video, Lobby Desk, at 2:57:39 PM.

Additionally, there was no prosecution. Mr. Valentin does not allege that he has been charged with any criminal violations for his actions. *See* Doc. 33 ¶ 59. Mr. Valentin claims that the lack of legal action means he was not at fault in the encounter, *see* Appellant Br. p. 16 ¶¶1-7, but a failure to file charges can have many different causes and without more information, is not sufficient to show a lack of probable cause for arrest. *Compare Donahue,* 380 F.3d at 383 (holding that entry of *nolle prosequi* in itself does not provide sufficient indicia of innocence toward a malicious prosecution claim). For him to be arrested but not have charges filed against him proves nothing.

### B.      Deprivation of Liberty (Due Process) Claim

Mr. Valentin filed a deprivation of liberty claim under the Fifth Amendment based on his arrest and being held for twelve hours in police custody before his

release, but Fifth Amendment only covers federal actors. *See* Doc. 20 ¶¶ 17, 37; *Nguyen v. U. S. Catholic Conferences*, 719 F.2d 52, 54 (3d Cir. 1983). The District Court interpreted Mr. Valentin's complaint liberally under the Fourteenth Amendment so as to apply to state actors. *See* Doc. 57 p. 12. Regardless, due process of law is all to which anyone is entitled. Thus deprivation of liberty under the Fourteenth Amendment requires both seizure and deprivation post-seizure to have been made without probable cause. *Baker v. McCollan*, 443 U.S. 137, 143-44 (1979). As stated above, clear probable cause existed for the arrest, so Mr. Valentin's claims for deprivation of liberty fail.

## IV. Mr. Valentin's Excessive Force Claim Fails Because he Submitted No Evidence Showing Excessive Force.

The officers used reasonable force to arrest an angry, inebriated individual who was shouting racial epithets and who shoved a cell phone into an officer. Mr. Valentin, citing no case law or legal theories, describes in his appellate brief his version of the physical encounter and states why he feels the force was excessive. *See* Appellant Br. pp. 18-21. However, the District Court properly found that the force was reasonable, based on existing case law and video evidence of the incident.

However, even taking as much as possible of Mr. Valentin's claims as true and only using the video evidence when it conflicts with Mr. Valentin's narrative,[2] a finding of excessive force requires the occurrence of a seizure which was unreasonable under the circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989). The District Court properly determined based on the uncontroverted facts and the video evidence that DSO Murphy and DSO Rodriguez used reasonable force and that this judgment was so obvious it did not need to go before a jury. *See* Doc. 57 p. 11.

The test of reasonableness under the Fourth Amendment is whether the officer's actions are "objectively reasonable" given the circumstances. This Court held in *Kopec v. Tate* that "[f]actors to consider in making a determination of reasonableness include the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he actively is resisting arrest or attempting to evade arrest by flight." *Kopec v. Tate*, 361 F.3d 772, 776–77 (3d Cir. 2004). Force is allowed for the purpose of controlling a dangerous situation. *Jackson v. Phelps*, 575 Fed.Appx. 79, 84 (3d Cir. 2014). Police officers are in rapidly-evolv ing situations with split-second decision times,

---

[2] The District Court cannot credit Mr. Valentin's assertions when there is clear video evidence showing otherwise. *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 332 n.9 (3d Cir. 2016), *cert. denied,* 137 S.Ct. 82 (2016); *Arnold Pontiac-GMC, Inc. v. General Motors Corp.,* 786 F.2d 564, 581 (3d Cir. 1986).

so some leeway must be given to an officer's evaluation. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

While a jury most commonly evaluates reasonableness, a judge can decide reasonableness upon a motion for summary judgment when the situation is so obvious that there is no genuine issue of material fact. In this case, like in *Scott v. Harris*, there is a videotape capturing the events in question. In *Scott v. Harris*, Justice Scalia wrote, "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The District Court properly relied on the video in determining that the amount of force was appropriate.

Mr. Valentin claimed that he was merely trying to ask about visiting hours and DSO Murphy's badge number, and therefore everything that happened to him was allegedly unprovoked. 3d. Am. Compl. ¶¶ 4, 11, 13. The videos show no excessive force. In the first incident leading to the arrest, DSO Murphy blocked Mr. Valentin's path and Officer Rodriguez placed her hand on Mr. Valentin's arm. *See* Video, Lobby Desk 2:57:30-2:58:00 PM. In the second incident, DSO Murphy pushed Mr. Valentin into a wall or a corner from a few inches away. *See* Video, Arch St., 2:59:10-2:59:18 PM. The video showed that Mr. Valentin remained

standing at all times, despite his claim in his Third Amended Complaint that he was thrown to the floor. *Id.*; Doc. 20 ¶ 24. The videos also show Mr. Valentin pushing his cell phone into DSO Murphy. *See* Video, Wide Angle Lobby Desk at 2:59:30-3:01:00 PM.

As the District Court properly found, pushing someone into a wall or corner is not excessive force. *See* Doc. 57 p. 11. *See also Graham v. Connor,* 490 U.S. 386, 396 (1989) (some degree of force is acceptable); *Oberwetter v. Hilliard*, 639 F.3d 545, 555 (D.C. Cir. 2011) (shoving an arrestee into a wall is not excessive force). Mr. Valentin also accuses DSO Murphy of being the sole aggressor, despite the video which shows otherwise and an uncontroverted allegation that Mr. Valentin called DSO Murphy racial epithets. Mr. Valentin even admits that he showed signs of intoxication or inebriation during the incident. Appellant Br. p. 20 ¶ 27. Mr. Valentin claims in his appellate brief that the force was excessive because an officer is "not permitted to utilize a suspect's neck or clothes collar to subdue or restrain a suspect." He points to no authority for that claim. Indeed, multiple courts have found that grabbing a suspect by the collar is not excessive force. *See, e.g., Sibron v. New York*, 392 U.S. 40, 67 (1968) (finding officer grabbing suspect's collar to be a seizure, but an allowable one); *Fields v. City of Pittsburgh*, 714 Fed.Appx. 137, 139 (3d Cir. 2017) (finding force of grabbing

collar was not excessive). Notably, even if the District Court had found the force to be excessive, qualified immunity most likely would have protected DSO Murphy.[3]

## V.      Mr. Valentin Waives Any Other Claims On Appeal.

Mr. Valentin has waived any additional law claims by merely listing statutes in his appellate brief and not making any argument about them. *See* Appellant Br. p. 21-22 ¶¶1-13.

For his previous listing of DSO Rodriguez as a defendant, the District Court properly held that Mr. Valentin failed to make any specific allegations about any harm she caused unto him. *See* Doc 57 p. 13. For Mr. Valentin's claims against the Philadelphia Sheriff's Department, the District Court properly found that even if Mr. Valentin had established some sort of constitutional violation, he had failed to

---

[3] The primary purpose of qualified immunity is to shield public officials "from undue interference with their duties and from potentially disabling threats of liability." *L.R. v. School District of Phila.*, -- F.3d --, 2016 WL 4608133, at *2 (3d Cir. Sept. 6, 2016).  This immunity is broad in scope and "protects all but the plainly incompetent or those who knowingly violate the law." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (U.S. 2015). To resolve a claim of qualified immunity, courts engage in a two-pronged inquiry: (1) whether the plaintiff sufficiently alleged the violation of a constitutional right, and (2) whether the right was "clearly established" at the time of the official's conduct. *L.R.*, 2016 WL 4608133 at *2, *citing Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Taylor*, 135 S. Ct. at 2044. A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (U.S. 2015). The right allegedly violated must be specifically defined. *Mullenix*, 136 S. Ct. at 308; *Spady v. Bethlehem Area School Dist.*, 800 F.3d 633, 638 (3d Cir. 2015). Here, qualified immunity would have protected DSO Murphy from a claim of excessive force, where Mr. Valentin has not established that officers are not allowed to shove aggressive individuals into corners, especially when their feet remain on the ground and they are still able to hold onto their belongings.

allege any policy or practice that would put liability on the department. Finally, for Mr. Valentin's state law claims, the District Court properly found that the probable cause and reasonable force findings make any tort claim unreachable. *See* Doc. 57 pp. 13-14.

## CONCLUSION

For the foregoing reasons, Defendant-Appellees, the Philadelphia County Sheriff's Department, Deputy Sheriff Officer Derek Murphy, and Deputy Sheriff Officer Amada Rodriguez, respectfully request that this Court affirm the District Court's March 16, 2022 Order granting the Defendants Motion for Summary Judgment.

Respectfully submitted,

CITY OF PHILA. LAW DEPARTMENT
DIANA P. CORTES, CITY SOLICITOR

*/s/ Zach Strassburger*
By: Zach Strassburger, Esq.
Assistant City Solicitor, Appeals
City of Philadelphia Law Department
Appeals Unit
1515 Arch Street, 17th Floor
Philadelphia, PA 19102-1595
Zachary.strassburger@phila.gov
*Attorney for Appellees*
*Philadelphia County Sheriff's Department, Deputy Sheriff Officer Derek Murphy, and Deputy Sheriff Officer Amada Rodriguez*

Date: August 17, 2022

## CERTIFICATION OF BAR MEMBERSHIP

Pursuant to the Third Circuit Local Appellate Rule 46.1(e), I hereby certify that I am a member of the bar of this Court.

*/s/ Zachary Strassburger*
Zachary Strassburger, Esq.
City of Philadelphia Law Department

Date: August 17, 2022

**CERTIFICATION OF COMPLIANCE WITH RULE 32(a) AND REQUIREMENTS FOR ELECTRONIC FILING**

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, Type Style Requirements,
and Electronic Filing Requirements.

1.    This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains **4,941** words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

3.    Pursuant to the Third Circuit Local Appellate Rule 31.1(c), I hereby certify that the text of the electronic brief is identical to the text in the hard, paper copies of the brief.

4.    Pursuant to the Third Circuit Local Appellate Rule 31.1(c), I hereby certify that a virus detection program was performed on this electronic brief/file using Carbon Black Cloud, and that no virus was detected.

*/s/ Zachary Strassburger*
Zachary Strassburger
City of Philadelphia Law Department

Date:  August 17, 2022

**CERTIFICATE OF SERVICE**

I, Zachary Strassburger, hereby certify that I caused to be served today the foregoing **Brief for Appellees** upon the persons and in the manner indicated below:

<u>By U.S. Mail:</u>

**Jonathan Valentin**
**812 Monroe Ave, S.**
**Milwaukee, WI 53172**
*Pro se Appellant*


/s/ *Zachary Strassburger*
Zachary Strassburger
City of Philadelphia Law Department

Date:  August 17, 2022